IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LINDA PARKS, | : |
| Plaintiff, | : |
| VS. | : |
| | : 1 : 10-CV-33 (WLS) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

Plaintiff, who is proceeding herein *pro se*, filed this Social Security appeal on February 22, 2010, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 3). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial

evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits on May 9, 2007, alleging disability since June 1, 2006. (T - 97). Her claims were denied initially and upon reconsideration. (T - 48-51). A hearing was held before an ALJ in Albany, Georgia on April 2, 2009, where the Plaintiff appeared *pro se*. (T - 25-47). Thereafter, in a hearing decision dated May 15, 2009, the ALJ determined that the Plaintiff was not disabled. (T - 12-24). The Appeals Council denied Plaintiff's request for review, making the May 15, 2009

decision the final decision of the Commissioner. ( T - 1-5).

*Statement of Facts and Evidence*

The Plaintiff was 45 years of age at the time of the Commissioner's final decision. (T - 97). She completed high school and has past relevant work experience as a certified nursing assistant. (T- 29-30, 43). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of major depressive disorder with psychotic features and schizophrenia. (T - 17). The ALJ found that the Plaintiff had the residual functional capacity to perform light work with certain limitations, but could not return to her past relevant work. (T - 20, 22). After receiving Vocational Expert testimony and using the Medical Vocational Guidelines as a reference, the ALJ determined that there were jobs that existed in significant numbers in the national economy which the Plaintiff could perform, and she was thus not disabled. (T - 23).

## DISCUSSION

In her one-page brief challenging the Commissioner's decision herein, the Plaintiff asserts that medical evidence shows that she is disabled as a result of degenerative disc disease and rheumatoid arthritis, with pain and swelling in her legs, knees and other joints of her body.

A review of the ALJ's decision and the objective medical record reveals that the ALJ properly evaluated the medical record as a whole and properly provided specific reasons for discrediting the Plaintiff's subjective complaints, including her complaints regarding physical impairments. (T - 18). The ALJ noted that although the Plaintiff alleged swelling in her legs, she acknowledged that she had not been treated for this symptom in at least a year. *Id.* Specifically, although the Plaintiff was diagnosed with cellulitis of the left leg in November 2005, the condition was successfully treated and no further complaints or treatment regarding this condition appear in the Plaintiff's medical records. (T - 19, 190-219). The ALJ found that Plaintiff's residual functional capacity

3

would be limited by her physical and mental conditions to light work. The Court notes that the objective medical record does not contain any specific record of physical limitations, during the time period under consideration, greater than those put in place by the ALJ in finding the Plaintiff limited to light work. (T - 146- 303). A bench brief prepared by an attorney in March 2009 for the hearing before the ALJ in April 2009 details the Plaintiff's medical history, with the only mention of physical conditions being Plaintiff's cellulitis treatment in 2005 and an eye injury in 2007. (T - 241-42).

In finding the Plaintiff not disabled, the ALJ provided specific reasons, supported by the objective record, for discrediting Plaintiff's testimony regarding her subjective symptoms and ability to function on a daily basis. The ALJ noted that although the Plaintiff had been treated for cellulitis and vision problems in the past, the "objective medical evidence does not support the degree of severity or any significant limitations resulting secondary thereto." (T - 19). The ALJ found that the Plaintiff's testimony of severe limitations due to her impairments was not supported by the objective medical record. (T - 21). The ALJ's conclusions in this regard are supported by substantial evidence. As the Commissioner points out, a diagnosis alone is insufficient to support a finding of disability, but must be accompanied by evidence of functional limitation. *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D.Ala. 2002); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge,

4

WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 7th day of March, 2011.

                                                                                     **s/ *THOMAS Q. LANGSTAFF*** 
                                                                                     **UNITED STATES MAGISTRATE JUDGE**

asb