**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

LINDA PARKS,                                    :
                                               :
     Plaintiff,                               :
                                               :
v.                                             :          CASE NO.: 1:10-CV-33(WLS)
                                               :
MICHAEL J. ASTRUE, *Commissioner of*           :
*Social Security*,                             :
                                               :
     Defendant.                               :
_____:

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge

Thomas Q. Langstaff, filed March 7, 2011. (Doc. 17). It is recommended that the Social

Security Commissioner's final decision denying Plaintiff's application for disability benefits be

affirmed.[1] (Doc. 17 at 1, 4). Plaintiff timely filed an Objection to the Recommendation. (Doc.

18). Plaintiff's objections are as follows:

### I.  Objection 1 to the Report and Recommendation

The first basis of Plaintiff's Objection is the Recommendation's citation to <u>Bloodsworth</u>

<u>v. Heckler</u>, 703 F.2d 1233 (11th Cir. 1983), for legal standards that Plaintiff asserts are

inapplicable to this Court's review of the Commissioner's decision. (Doc. 18 at 1). Providing

no authority or explanation as to this contention, Plaintiff argues that <u>Bloodsworth</u> has no merit

in deciding her claim because she filed her appeal in this Court in a timely manner. (*Id.*). The

Court holds that this objection is inapplicable to this case, given that the Recommendation does

not discuss or take issue with the timeliness of Plaintiff's appeal. Furthermore, <u>Bloodsworth</u> is

---

[1] Pursuant to the Appeals Council's denial of Plaintiff's request for review, the Administrative Law Judge's (ALJ) May 15, 2009 decision, which determined that Plaintiff was not disabled, became the final decision of the Commissioner of the Social Security Administration. (Doc. 17 at 2-3).

still current law with respect to establishing the applicable legal standards for the Court's review of the Commissioner's final decision. *See* <u>Bloodsworth</u>, 703 F.2d at 1239. Plaintiff's objection contending that Judge Langstaff improperly relied on <u>Bloodsworth</u> is therefore **OVERRULED**.

## II. <u>Objection 2 to the Report and Recommendation</u>

Plaintiff next critiques the Recommendation's citation to <u>Boyd v. Heckler</u>, 704 F.2d 1207 (11th Cir. 1983), *superseded by statute as stated in* <u>Hand v. Heckler</u>, 761 F.2d 1545, 1547-48 (11th 1985), which, according to Plaintiff, like <u>Bloodsworth</u>, does not justify Judge Langstaff's denial of Plaintiff's claim for several reasons. (Doc. 18 at 1). First, Plaintiff argues that "this case was decided on the Gap between Oct 1973 and June 1977" and that "Boyd failed to continue physical care." (*Id.*). Second, she asserts that "she is still under physician care and has been diagnosed with servere [sic] mental and physical impairment such [as] . . . [d]egenerative lumber spine disease . . . [and] schizophrena [sic]." (*Id.* at 2). In view of these ailments, as well as the conditions she mentions in Objections 3 and 4, *see infra*, Plaintiff argues that "it is reasonable [sic] easy to acknowledge the fact that [she] is unable to perform any stable employment." (*Id.* at 4).

Plaintiff appears to challenge, and thereby implore the Court to re-weigh, the ALJ's established findings concerning Plaintiff's disability. Such a request, however, does not comport with the Court's "highly deferential standard of review" of the Commissioner's decision, which limits the Court's "inquiry . . . [to] whether there is substantial evidence to support [the ALJ's] findings . . . and whether the correct legal standards were applied." <u>Powell v. Astrue</u>, 250 F. App'x 960, 962, 963 (11th Cir. 2007) (quoting <u>Wilson v. Barnhart</u>, 284 F.3d 1219, 1221 (11th Cir. 2002)). So long as the decision reached by the ALJ is supported by substantial evidence, the Court is forbidden from reweighing the evidence or substituting its judgment for that of the ALJ,

Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990), "[e]ven if the evidence preponderates against the Commissioner's findings . . . ," Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004).

In the Recommendation, Judge Langstaff observes that "the ALJ properly evaluated the medical record as a whole and . . . provided specific reasons[, supported by the objective record,] for discrediting the Plaintiff's subjective complaints, including her complaints regarding physical impairments."  (Doc. 17 at 3, 4).  Hence, upon review of the medical record and the ALJ's decision, Judge Langstaff determined that the ALJ's conclusions were supported by substantial evidence.  (*See id.* at 4 (discussing specific portions of record reviewed by ALJ)).  Finding no merit in Plaintiff's Objection sufficient to justify a departure from the Recommendation's factual and legal findings, the Court agrees with Judge Langstaff's determination as to the existence of substantial evidence in support of the ALJ's findings and conclusions and as to the ALJ's application of the correct legal standards.  Accordingly, Plaintiff's objection with respect to the ALJ's and thus, Judge Langstaff's alleged disregard of her medical diagnoses is **OVERRULED**.

### III. Objection 3 to the Report and Recommendation

In support of her third objection, Plaintiff maintains that she was treated for cellulitis, which has progressed to rheumatoid arthritis.  (Doc. 18 at 3 (referencing hearing transcript and medical records to demonstrate long history of right knee pain and other ailments)).  Because the Court finds that this objection is identical to the substance of Objection 2, which entreats the Court to reweigh the evidence, the Court **OVERRULES** Objection 3 for the reasons stated in its discussion of Objection 2.  *See supra* Part II.

**IV. Objection 4 to the Report and Recommendation**

Lastly, Plaintiff asserts that as a result of her rheumatoid arthritis, she has developed limited use of her right arm since the filing of this suit. (Doc. 18 at 3). The Court **OVERRULES** this objection because any ailments or impairments that Plaintiff has begun to experience since the filing of her Social Security appeal are not properly before this Court. The Court is restricted to reviewing the evidence of record available to the ALJ; thus, it cannot now consider Plaintiff's complaint of the limited use of her arm, to the extent that this ailment is different from or in addition to the physical impairments evaluated by the ALJ.

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 18) are **OVERRULED** and United States Magistrate Judge Langstaff's March 7, 2011 Report and Recommendation (Doc. 17) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

**SO ORDERED**, this  31st  day of March 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**